UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE APPLICATION OF LITASCO SA FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782

No. 23-MC-354

---

## EX PARTE APPLICATION OF LITASCO SA FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782

LITASCO SA ("**LITASCO**" or the "**Applicant**"), by its undersigned counsel, applies to this Court for an Order authorizing the Applicant to take discovery for use in proceedings before a foreign tribunal pursuant 28 U.S.C. §1782, from The Clearing House Payments Company L.L.C. ("**Clearing House**" or "**CHIPS**"), as well as several banks, namely: Citibank N.A.; Deutsche Bank Trust Company Americas; Standard Chartered Bank; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; The Bank of New York Mellon; Wells Fargo Bank N.A.; Barclays Bank PLC; United Bank for Africa, America; Societe General North America; SG Americas Securities Holdings, LLC; and BNP Paribas USA, Inc. (collectively, "**Respondents**" or "**Respondent Banks**").

1. This application (the "**Application**") involves court proceedings brought by the Applicant in England (the "**English Proceedings**") against Der Mond Oil and Gas Africa SA (a.k.a. Der Mond Oil & Gas Africa SA) ("**Der Mond**") and Locafrique Holding SA ("**Locafrique**") (collectively, the "**Foreign Defendants**").

2. As is more fully set forth in the accompanying Declaration, dated September 25, 2023, by Mr. Frederik Peels, the Head of Commercial Legal, ("**Peels Decl.**"), the English Proceedings concern allegations related to a purchase agreement by which the Applicant agreed to sell, and Der Mond agreed to buy, a quantity of crude oil (the "**Purchase Agreement**") as to which only partial payment was made. An installment payment plan was thereafter agreed, with

1

Locafrique guaranteeing Der Mond's payment obligations, but payments were missed such that the Applicant commenced the English Proceedings. A further payment plan was thereafter agreed, also with Locafrique guaranteeing Der Mond's payment obligations, but installment obligations were again missed. Accordingly, in the English Proceedings, the Applicant seeks to recover an outstanding sum in excess of Euros 40 million. Peels Decl. ¶ 4(e). Further description of the English Proceedings is set forth below.

3. Since commencing the English Proceedings, a number of additional facts have been identified which, in essence, support that the Foreign Defendants are utilizing an interconnected web of entities (tied to a family known by the surname Ba) in order to dissipate assets. Further description of these considerations is set forth below.

4. In light of such considerations, the Applicant now seeks discovery pursuant to Section 1782 for purposes of assessing, and evidencing, an expanded scope to its claims in the English Proceedings both in terms of claims and defendants.

5. Accordingly, the Applicant seeks discovery from US banking institutions so that resulting information can be used to trace financial flows of the Foreign Defendants.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the Application is made in accordance with 28 U.S.C. §1782.

7. Venue is proper in this District pursuant to 28 U.S.C. §1782 because each respondent resides or is found within the District, and the same is consistent with the provisions of 28 U.S.C. §1391.

8. This Court has personal jurisdiction over the Respondent Banks, which maintain offices (and can be "found") within the geographical confines of the Southern District of New York, among other locations, as follows:

a. The Clearing House Payments Company L.L.C. at 1114 Avenue of The Americas, 17th Floor, New York, NY 10036;

b. Citibank N.A. at 388 Greenwich Street, New York, NY 10013;

c. Deutsche Bank Trust Company Americas at 1 Columbus Circle, New York, NY 10019;

d. Standard Chartered Bank at 1095 Avenue of The Americas, New York, NY 10036;

e. HSBC Bank USA, N.A. at 452 Fifth Ave., New York, NY, 10018;

f. JPMorgan Chase Bank, N.A. at 383 Madison Avenue, New York, NY 10017 (the registered agent is CT Corporation System at 28 Liberty St., New York, New York 10005.);

g. The Bank of New York Mellon at 240 Greenwich Street, New York, NY 10286;

h. Wells Fargo Bank N.A. at 666 Third Avenue, New York City, NY 10017;

i. Barclays Bank PLC at 745 Seventh Avenue, New York, NY 10019;

j. United Bank for Africa, America at 575 5th Avenue, 32nd Floor, New York, NY 10017;

k. Societe Generale North America at 245 Park Avenue, New York NY 10167;

l. SG Americas Securities Holdings, LLC, at 245 Park Avenue, New York, NY 10167;

m. BNP Paribas USA, Inc. at 787 7th Ave, New York, NY 10019.

**The Underlying Dispute**

9. The Applicant is a company incorporated in a foreign country, which maintains its registered address and principal office in a foreign country as well. It trades in oil products.[1]

10. The English Proceedings were commenced on or about March 22, 2022, by the Applicant in the High Court of Justice, Business and Property Courts of England and Wales, King's Bench Division (formerly Queen's Bench Division), Commercial Court as Claim No. CL-2022-000148. That action remains pending, and the Applicant's allegations therein can be summarized as follows (Peels Decl. ¶ 4):

   a. Pursuant to the Purchase Agreement between the Applicant and Der Mond, dated on or about April 29, 2021, the Applicant agreed to sell and Der Mond agreed to buy approximately 950,000 barrels of crude oil (Peels Decl. ¶ 4(a));

---

[1] For purposes of clarity, the Applicant addresses US sanctions as they relate to Lukoil Oil Company ("**Lukoil Oil Company**"). Lukoil Oil Company is currently subject to certain U.S. sanctions prohibitions pursuant to Directive 4 of Executive Order 13662 (https://sanctionssearch.ofac.treas.gov/Details.aspx?id=17248). Thus, Lukoil Oil Company is on the Sectoral Sanctions Identifications (SSI) list. The relevant OFAC guidance indicates that LITASCO SA would also be subject to the above prohibitions – see OFAC FAQ 373 (373 | Office of Foreign Assets Control (treasury.gov)).

Directive 4 does not designate Lukoil Oil Company, or LITASCO SA as a "Specially Designated National" or "SDN". It only imposes specific prohibitions on provision, exportation, or reexportation by US persons, directly or indirectly, of goods, services (except for financial services), or technology in support of exploration or production for certain deepwater, Arctic offshore, or shale projects to these entities. Directive 4 further does not prohibit the provision by US persons of goods, technology, or services to SSI entities when such transactions relate only to the transportation, refining, or other dealings involving oil that has already been extracted from a deepwater, Arctic offshore, or shale project and transported out of a field production storage tank or otherwise off of a field production site – see OFAC FAQ 420 (420 | Office of Foreign Assets Control (treasury.gov)).

b. The Applicant's invoice, dated December 31, 2021, was issued to Der Mond for an amount of $77,614,517.09, payable in Euros in the amount of €65,156,466.75 (Peels Decl. ¶ 4(b));

c. Der Mond made partial payment but failed to pay the vast majority of money owed. Thereafter, the Applicant and Der Mond entered into a payment deed (dated on or about January 17, 2022) which rescheduled payments, with Der Mond's payment obligations being guaranteed by Locafrique (Peels Decl. ¶ 4(c));

d. After an ensuing round of Der Mond making partial payment followed by missed installments, the Applicant commenced the English Proceedings wherein Der Mond and Locafrique have asserted defenses and counterclaims (Peels Decl. ¶ 4(d));

e. The Applicant and the Foreign Defendants thereafter entered into an addendum (dated on or about November 4, 2022) to the aforementioned payment deed to further restructure repayment of the outstanding balance plus interest. A stay of the English Proceedings accordingly followed. However, while some initial installment payments were made, the ensuing installments were not paid. The stay was lifted, amended papers were filed by the Applicant (and by the Foreign Defendants), and the English Proceedings have continued. Therein, the Applicant seeks to recover a sum well in excess of €40 million (Peels Decl. ¶ 4(e)).

11. In addition to substantial sums having remained outstanding for a prolonged time, other concerning facts have come to light since commencement of the English Proceedings.

Amongst other things, those additional facts support that the Foreign Defendants are dissipating their assets and giving cash away to affiliates rather than paying the Applicant. Relevant facts include the following, on information and belief:

    a. Members of a Senegalese family with the surname Ba own and/or control the Foreign Defendant, Der Mond Oil & Gas Africa SA and affiliated entities within the so-called Der Mond Group. (Declaration of Edward William Floyd, dated September 25, 2023 ("**Floyd Decl.**") ¶¶ 3-4 and Exs. A [Khadija Ba identified as "Der Mond Group Founder and Executive Chairman"] and B [identifying Khadija Ba as "Founder and President of Der Mond Group," Executive Chairman of Der Mond Energy Middle East, and Executive Chairman of Der Mond Energy USA LLC]).

    b. Khadim Ba is the managing director of Foreign Defendant, "Locafrique." (Floyd Decl. ¶ 5 and Ex. C).

    c. Investigation has identified businesses established as, or trading under, the following names (and associated online with Khadija Ba or with Khadim Ba):

        i. Der Mond Real Estate (*id.* ¶ 3 and Ex. A at 7);

        ii. Der Mond Precious Metals & Stones (*id.*);

        iii. Der Mond Oil & Gas FZ LLC (Peels Decl. ¶ 5 and Ex. A);

        iv. Der Mond White Energy (Floyd Decl. ¶ 6 and Ex. D at 4);

        v. Der Mond Mining (*id.*);

        vi. Der Mond Academy (*id.*);

        vii. Der Mond Energy USA LLC (*id.* ¶ 4 and Ex. B at 2);

        viii. Der Mond Energy Middle East (*id.*);

    d. Similarly, in addition to Foreign Defendant Locafrique Holding SA, there is "Compagnie Ouest Africaine de Credit Bail 'Locafrique'." That entity is identified as being a "sister company" to an English entity called Kason Finance Ltd. (*id.* ¶ 7 and Ex. E at 6 [listing other "sister compan[ies]" as including Locafrique Holding SA, Carrefour Automobile, and Societe de Construction Nationale [all said to be registered in Senegal]).

        i. Not surprisingly, Khadim Ba appears to be one of two current directors for Kason Finance Ltd. (*id.* at 3).

        ii. He is also listed as being a director for similarly named English entities known as Kason Energy Ltd and Kason Holding Group Ltd (Floyd Decl. ¶ 8 and Ex. F).

12. On information and belief, the Ba family manipulates its ownership or control over entities such as the foregoing to advance its own purposes, including illegitimate ones. For example, Kason Finance Ltd.'s unaudited accounts for the year ended February 28, 2022, reported that Kason Finance received a loan from Locafrique Holding SA during the concerned financial year. "Interest on the loan [was] charged at 2% totalling [GBP] 110,343 in the year to 28 February 2022 … The total balance repayable at the balance sheet date was [zero] as the balance ha[d] been forgiven by the sister company (2021: [GBP] 5,557,941)." (Floyd Decl. ¶ 7 and Ex. E at 6)

13. Notably, as set forth above, Locafrique had initially guaranteed Der Mond's payment obligations pursuant to the deed which was dated on or about January 17, 2022, shortly before foregoing the multi-million-pound debt owed by its sister company in England. This supports that Locafrique gifted GBP 5.55 million to Kason Finance at about the same time as when it guaranteed Der Mond's debt of millions of Euros owed to the Applicant.

14. Similarly, of the few payments which were made to the Applicant in connection with the above-described dealings, a November 2022 payment was made via what appears to be an affiliated entity, namely Der Mond Oil [&] Gas FZ LLC (Peels Decl. ¶ 5 and Ex. A).

15. In light of the foregoing, the Applicant now seeks discovery from the Respondents for the purposes of, amongst other things, identifying potential additional claims to assert in, and parties to join to, the English Proceedings, as well as evidence to support seeking a freezing injunction in England to prevent further dissipation.

16. On information and belief, the Respondent Banks are either banking institutions used by the Foreign Defendants to make payment to the Applicant in the past or are correspondent banks of those banking institutions.

**Discovery pursuant to 28 U.S.C. §1782 is warranted**

17. As set forth more fully in the accompanying Memorandum of Law, an order seeking discovery pursuant to 28 U.S.C. §1782 is warranted if the following elements have been shown: (1) that the persons from whom discovery is sought reside (or are found) in the district of the court to which the application is made; (2) that the discovery be for use in a proceeding before a foreign tribunal; and (3) that the application be made by an interested person.

18. Here, the Application satisfies each of the elements, as follows: (1) the Respondents are found within the district; (2) this Application is made for use pending proceedings before English courts and in further reasonably contemplated court proceedings; and (3) the Applicant is an "interested person" in such foreign proceedings.

19. Furthermore, as set forth more fully in the accompanying Memorandum of Law, the four discretionary factors established by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) all favor granting the Application.

20.     Consequently, all the elements for an order seeking discovery pursuant to 28 U.S.C. § 1782 are satisfied, and it would be a proper exercise of discretion for this Court to grant the requested discovery.

21.     The Applicant has not sought similar relief pursuant to 28 U.S.C. §1782 prior to this Application in connection with this matter.

22.     A proposed set of document requests to be served with subpoenas on respective Respondents is attached as Appendix 1 to the proposed Order submitted with this Application. On information and belief, Respondents have possession, custody, or control of this information.

WHEREFORE, the Applicant prays for the Court to issue an order:

   a. Granting the Application;

   b. Ordering that the Respondents shall make available to the Applicant all documents responsive to the categories of documents described in Appendix 1 to the proposed Order annexed to this Application within twenty (20) days of service of such Order on the respective Respondents or at such other time as may be agreed;

   c. Appointing Edward Floyd and any other attorneys affiliated with the law firm Zeiler Floyd Zadkovich (US) LLP and admitted to practice before this Court as examiners to: (i) issue subpoenas to Respondents, with Appendix "1" to the proposed Order being attached to such subpoenas as the enumeration of document categories; and (ii) obtain the requested documents and information pursuant to the Federal Rules of Civil Procedure; and

   d. Ordering that the Applicant shall serve a copy of such Order on Respondents.

Dated: September 25, 2023
      New York, New York

                              Respectfully submitted,

                              ZEILER FLOYD ZADKOVICH (US) LLP

                              By: /s/ Edward Floyd
                              Edward Floyd

                              33 East 33rd Street, Suite 905
                              New York, New York 10016
                              ed.floyd@zeilerfloydzad.com

                              Tel: (917) 999 6914

                              *Attorneys for Applicant*