UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re: The Matter of the Application of Litasco SA for an Order to Take Discovery Pursuant to 28 USC 1782*

23-MC-00354 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Applicant LITASCO SA (LITASCO) filed this application seeking discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. Dkt. No. 3. Specifically, LITASCO seeks an order granting it authority to subpoena records from thirteen banks that it intends to use in support of litigation in England. *Id.*

"A district court has authority to grant a § 1782 application where," among other things, "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citation omitted). Section 1782's "'resides or found' language extends its reach to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 534 (2d Cir. 2019).

In support of its argument that the thirteen banks are "found" in this district, LITASCO asserts that all banks "maintain offices located within the geographical confines of the Southern District of New York." Dkt. No. 3, ¶ 8. That is insufficient to establish this Court's personal jurisdiction. *See In re del Valle Ruiz*, 939 F.3d at 534 (holding that specific personal jurisdiction is established in the § 1782 context by showing that the "discovery material sought proximately resulted from the respondent's forum contacts" or, "where the respondent's contacts are broader and more significant, … that the evidence sought would not be available but for the respondent's forum contacts"); *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 134-35 (2d Cir. 2014) (explaining that the existence of an office in the forum state is insufficient to establish general personal jurisdiction); *Pfaff v. Deutsche Bank AG*, No. 20 MISC. 25 (KPF), 2020 WL 3994824, at

*5 (S.D.N.Y. July 15, 2020) (explaining that respondents were not "found" in the Southern District of New York just because they had offices there).

    Accordingly, this application is DENIED without prejudice. LITASCO can renew the application with respect to any Respondents by filing, within 21 days of this order, papers that make it possible for this Court to assess whether general or specific personal jurisdiction exists over Respondents such that they can be said to reside or be found in this district.

    SO ORDERED.

Dated: September 27, 2023
       New York, New York

                                        ARUN SUBRAMANIAN
                                        United States District Judge