UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In Re: The Matter of the Application of Litasco SA for an Order to Take Discovery Pursuant to 28 USC 1782 | 23-mc-354 (AS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Litasco SA applies for an order pursuant to 28 U.S.C. §1782 authorizing it to take discovery from The Clearing House Payments Company L.L.C.; Citibank N.A.; Deutsche Bank Trust Company Americas; Standard Chartered Bank; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; The Bank of New York Mellon; Wells Fargo Bank N.A.; Barclays Bank PLC; and United Bank for Africa, America. The application is related to foreign court proceedings pending in England. In a nutshell, Litasco sued two entities, Der Mond Oil and Gas Africa SA and Locafrique Holding SA ("the foreign defendants") for failing to make payments related to a contract for Der Mond to buy crude oil from Litasco. Litasco believes that the foreign defendants are dissipating assets, and so it's seeking information from financial institutions who may have records of this. The application is granted in part and denied in part.

Section 1782 authorizes discovery where (1) the discovery sought is for use in a proceeding before a foreign tribunal, (2) the person from whom discovery is sought is found or resides within the district where the application is made, and (3) the party seeking the discovery is an interested person in the foreign proceeding. *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022). Here, these statutory factors are satisfied as to some but not all respondents.

The first factor is readily satisfied given Litasco's submission that the materials will be used to potentially join parties to the pending English proceedings; determine whether to plead additional causes of action; and furnish a basis for a freezing injunction. *See Mees v. Buiter*, 793 F.3d 291, 301 (2d Cir. 2015) (§ 1782's "for use" requirement is satisfied by showing that the materials sought "are to be used at some stage of a foreign proceeding").

As to the second factor, it is satisfied as to some but not all respondents. Section 1782's "'resides or found' language extends its reach to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 534 (2d Cir. 2019). This Court has general jurisdiction over corporations that are either incorporated in New York or have their principal place of business here. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). That requirement is satisfied with respect to Clearing House Payments Company, Citibank N.A., Deutsche Bank Trust Co. Americas, Standard Chartered Bank, Bank of New York Mellon, HSBC Bank USA, N.A., and JPMorgan Chase Bank, N.A. *See* Dkts. 11-3, 11-8, 11-11, 11-12, 11-16, 11-17, 11-18, 11-19, 11-21, 11-23, 11-24. So there's general jurisdiction over them.

But Litasco fails to furnish a sufficient basis to find either specific or general jurisdiction over Wells Fargo Bank, N.A., Barclays Bank PLC, or United Bank for Africa, America. According to Litasco's submissions at least, those respondents are neither incorporated nor headquartered here, so general jurisdiction is out. Litasco says that these respondents perform correspondent banking services and therefore "likely" have records "concerning U.S. Dollar denominated transfers involving the foreign defendants." *See, e.g.*, Dkt. 13 at 12. But Litasco has not said anything about whether the records sought "proximately resulted" from the respondent's "*forum* contacts." *In re del Valle Ruiz*, 939 F.3d at 530 (emphasis added). Nor has it explained how the records sought would not be available "but for the respondent's *forum* contacts." *Id.* (emphasis added). Indeed, Litasco does not even have evidence that these records exist; it simply speculates that they do because the foreign defendants used African banks and the respondents perform correspondent banking services for African banks or participate in fund transfer systems.

It is true that one district court has found specific personal jurisdiction over banks for § 1782 purposes based on their "potentially serving" as "correspondent bank[s]" for allegedly fraudulent transfers. *In re Abraaj Inv. Mgmt. Ltd.*, 2023 WL 2674752, at *5 (S.D.N.Y. Mar. 29, 2023). But even if the reasoning in that case is correct, its facts are distinct from those here. There, the applicant established that the banks were the correspondent banks for the particular banks at which the transferees had accounts. By contrast, there is no evidence that these respondents are the correspondent banks for any banks at which the foreign defendants (or the transferees of their funds) had accounts, making the basis for specific personal jurisdiction even weaker. And the other cases Litasco marshals to support specific jurisdiction did not cite the relevant *In re del Valle Ruiz* standard interpreting § 1782's "resides or found" language. *See In re JSC BTA Bank*, 577 F. Supp. 3d 262, 266 (S.D.N.Y. 2021), *appeal dismissed* (May 10, 2022*); In re Inv. Bank PSC*, 567 F. Supp. 3d 449, 451 (S.D.N.Y. 2021).

Other § 1782 applicants have argued that the Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), implicitly abrogated *In re del Valle Ruiz. See In re Klein*, 2022 WL 1567584, at *4 (S.D.N.Y. May 18, 2022). Litasco, however, has not made that argument, so this Court need not consider it. And even if *Ford Motor* did change the analysis, it still required some "relationship among the defendant, the forum[s], and the litigation." 141 S. Ct. at 1032 (citation omitted). Litasco says that respondents (i) perform correspondent banking services and (ii) have offices here. But it fails to identify the relationship between the two. "At most, [Litasco's] submissions suggest that [respondents] have rented office space in Manhattan." *In re Klein*, 2022 WL 1567584, at *6. That is not enough, so Litasco's application is DENIED as it relates to Wells Fargo Bank, N.A., Barclays Bank PLC, and United Bank for Africa, America.

As to the third factor, Litasco is the plaintiff in the English proceedings and so that requirement under § 1782 is satisfied.

If these three statutory prerequisites are met, a district court may grant discovery in its discretion, considering four factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). These factors are:

> (1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent" because a foreign tribunal presumably has authority to order discovery on its own;

> (2) "The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

> (3) Whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

> (4) Whether the requests are unduly intrusive or burdensome.

*IJK Palm LLC*, 33 F.4th at 675 (*quoting Intel Corp.*, 542 U.S. at 264–65).

These factors all favor granting Litasco's application as to the remaining respondents. First, respondents are not parties in the foreign proceeding. Dkt. 13 at 15-16. Second, Litasco submits that evidence obtained pursuant to Section 1782 applications will not be rejected unless the application was oppressive, vexatious, or otherwise unconscionable, none of which is apparent on the face of Litasco's submissions. *Id*. As to the third and fourth factors, Litasco submits that it is not trying to avoid any foreign proof-gathering restrictions or policies, and that the requests are not unduly intrusive or burdensome. Of course, given that the application is *ex parte* and the Court does not have the views of either respondents or the defendants in the English proceeding, it is difficult to evaluate these representations from Litasco. However, the Court has independently reviewed the proposed subpoena, and it seems focused on locating assets of the defendants to the English proceeding that the respondents may have in their possession. Given that, again, the driving concern of the application is the foreign defendants' efforts to potentially dissipate assets, the subpoenas seem reasonably framed with some caveats. First, the subpoena seeks documents going all the way back to January 2020. However, the contract at the heart of the litigation was dated April 29, 2021. Dkt. 3 at 4. Whether the aim of the subpoena is to figure out where the foreign defendants' assets are or whether they in fact tried to move money around to avoid Litasco's claims, there is no demonstrated need for discovery prior to the date of the contract at issue.

Further, the grant of Litasco's motion will be made without prejudice to a challenge to the subpoenas, including their scope, and potential reconsideration of the application of the § 1782 factors. Though it is "neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*," the respondent "can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012). Litasco in its application makes clear that it will give notice and copies

3

of subpoenas to the foreign defendants' solicitors before serving them on respondents. The Court ORDERS that Litasco do this.

For the foregoing reasons: The Court grants Litasco's application with respect to respondents Clearing House Payments Company, Citibank N.A., Deutsche Bank Trust Co. Americas, Standard Chartered Bank, Bank of New York Mellon, HSBC Bank USA, N.A., and JPMorgan Chase Bank, N.A. only. It is otherwise denied. Litasco may serve the subpoena included in Dkt. 14 on the respondents identified in this paragraph subject to a modified timeframe of April 29, 2021 to the present. Further, prior to service, Litasco will provide the foreign defendants' solicitors with this order and the subpoena to be served. The Court will hear objections and motions to quash from the respondents or the foreign defendants if appropriate and timely raised.

The Clerk is respectfully directed to terminate Dkt. 10.


SO ORDERED.

Dated: December 15, 2023
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge